IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JENISE MOIHA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　　　Defendant. | CIV. NO. 21-00130 JAO-RT<br><br>FINDINGS AND<br>RECOMMENDATION TO GRANT<br>PETITION FOR 406(b) FEES |

**FINDINGS AND RECOMMENDATION TO**
**GRANT PETITION FOR 406(b) FEES**

On May 2, 2024, Plaintiff Jenise Moiha's ("Plaintiff") attorney, Ms. Danielle Beaver ("Counsel), filed a *Petition for 406(b) Fees* ("Fee Motion") pursuant to the Social Security Act, 42 U.S.C. § 406(b), for legal services she provided to Plaintiff in this case. ECF No. 32. Counsel requests attorney fees in the amount of $34,448.50 for legal work performed and represents that this amount is equivalent to twenty-five (25) percent of Plaintiff's past-due Social Security Disability Insurance ("SSDI") benefits. *Id*. at PageID.1346. In evaluating the *Fee Motion*, the Court must determine whether attorney fees in the amount of $34,448.50 is reasonable compensation for the case.

The Court elects to decide the *Fee Motion* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*. After careful review of the *Fee Motion*, records in this case and applicable law, the Court **FINDS** that Plaintiff is entitled to reasonable attorney fees in the amount of $34,448.50 and **RECOMMENDS** that the district court **GRANT** the *Fee Motion*.

## BACKGROUND

Plaintiff applied for SSDI benefits, under Title II and Title XVI of the Social Security Act, and Supplement Security Income ("SSI") on September 19, 2017 by alleging that she became disabled and unable to work since January 15, 2013. ECF No. 21 at PageID.1206; ECF No. 32 at PageID.1347. Her request for benefits was denied both initially and on reconsideration. ECF No. 32 at PageID.1347. Plaintiff requested for an administrative hearing, which was held on June 25, 2020, but Plaintiff received an unfavorable decision from the Administrative Law Judge ("ALJ") on August 4, 2020. *Id*.

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's *Request for Review*. ECF No. 21 at PageID.1206-07. The ALJ's denial thus became the final decision of the Defendant Commissioner of Social Security ("Defendant" or "Commissioner"). *Id*. Plaintiff thus filed the instant civil action with the assistance of Counsel. ECF No. 32 at PageID.1348. Plaintiff filed her

*Opening Brief* on November 8, 2021 (ECF No. 21); Defendant filed its *Answering Brief* on December 10, 2021 (ECF No. 27); and Plaintiff filed her *Reply Brief* on December 22, 2021 (ECF No. 28). On February 16, 2022, the district court issued an *Order Affirming in Part and Reversing in Part Decision of Commissioner of Social Security and Remanding for Further Proceedings*. ECF No. 29. On October 11, 2022, an administrative hearing was held on remand, and Plaintiff received a favorable decision that granted her application for benefits in full. ECF No. 32 at PageID.1348.

On October 8, 2023, Counsel received a *Notice of Award* informing Plaintiff that she had been found to be disabled beginning January 15, 2013, but would receiving benefits beginning January 2014. ECF No. 32 at PageID.1348; ECF No. 32-1 at PageID.1360. This is because Plaintiff had only filed for benefits on January 1, 2015, and benefits could not be paid earlier than 12 months before the month of filing for benefits. *Id*. The *Notice of Award* also states that $34,488.50, which is twenty-five (25) percent of past due benefits, were withheld in order to pay any attorney fees approved by the court. *Id*. at 1361.

On May 2, 2024, Plaintiff filed the *Fee Motion* presently before the Court. ECF No. 32. On May 20, 2024, Defendant filed its *Response to Plaintiff's Petition for Fees Under 42 U.S.C. § 406(b)* ("Response"). ECF No. 34.

## **DISCUSSION**

In its *Response*, Defendant states that it neither supports nor opposes *Fee Motion* and is correct in stating that Defendant has no direct financial stake in the fee request. However, "[Section] 406(b) calls for court review of such [contingency-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. Under Section 406(b):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). "Because the [Social Security Administration ("SSA")] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has the affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149

(9th Cir. 2009). Accordingly, the Court evaluates the reasonableness of the $34,448.50 attorney fees requested by Counsel for work performed in this case.

## I. Contingency-Fee Arrangement

When evaluating the reasonableness of the fees requested under 42 U.S.C. § 406(b), the Court first examines the contingency fee agreement entered into between Plaintiff and Counsel. Counsel attached to the *Fee Motion* a copy of the *Attorney Fee Agreement* she entered into with Plaintiff. ECF No. 32-2 at PageID.1368. The *Attorney Fee Agreement* was signed by Plaintiff in June 2021 and by Counsel in July 2021. *Id*. The parties agreed that:

> [I]f SSA favorably decides [Plaintiff's] claim at the Appeals Council level, or at the ALJ hearing level after a decision by the Appeals Council or Federal Court; or if a Federal Court favorably decides [Plaintiff's] case, [Plaintiff] will pay [Counsel] a fee equal to 25% of all past due benefits in [Plaintiff's] Social Security and/or SSI disability claims. This may be in addition to any fee charged and received for representation in front of the Social Security Administration, which will also be up to 25% of all back benefits awarded in [Plaintiff's] case.

*Id*. Plaintiff filed a declaration on May 14, 2024 ("Declaration"), in which Plaintiff acknowledges that she entered into a contingency fee agreement with counsel, and that Counsel's compensation would be twenty-five (25) percent of past-due benefits received as a result of Counsel's representation. ECF No. 33 at PageID.1376. Accordingly, the Court finds that Plaintiff and Counsel entered into a valid contingency fee agreement and that the fees being requested in the *Fee Motion* is pursuant to that agreement.

5

## II.    Reasonableness of the Fee Request

The Court evaluates the *Fee Motion* using several factors to determine whether the fee request is reasonable.

> Factors to be considered in determining reasonableness include the attorney's risk of loss, the character and result of representation, whether delays are attributable to the attorney, and the attorney's hours spent representing the client coupled with the attorney's normal hourly billing rate in the context of non-contingent cases.

*Dulatre v. Astrue*, Civ. No. 03-00653 DAE-KSC, 2010 WL 26537, at *2 (D. Haw. Jan. 6, 2010) (citing *Gisbrecht*, 535 U.S. at 805 & 808).  In considering any delays in litigation, the Court may reduce fees if it finds that an attorney is responsible for unnecessary delays that results in the accumulation of benefits during the pendency of the case.  *Gisbrecht*, 535 U.S. at 808.  The Court may also reduce fees if the "benefits are large in comparison to the amount of time counsel spent on a case[.]"  *Id*. (citations omitted).  The Court shall evaluate each factor below.

### A.    Risk of Loss

In social security cases such as this case, where litigants enter into a contingency fee agreement involving the litigation for SSDI benefits, the attorney entering into the contingency fee agreement faces great risk of not collecting fees despite the hours of work performed.  The risk is inherent in the contingency fee agreement in that compensation is received only if the litigant is awarded past-due benefits, and there are no guarantees at the outset that a litigant will be successful.

6

The Court thus finds that this factor tends to indicate that the requested fees are reasonable.

### B. Character of the Representation and the Result Achieved

The Court evaluates the "character of the representation and the results the representative achieved" under this factor. *Gisbrecht*, 535 U.S. at 808 (citations omitted). In her *Declaration*, Plaintiff states that she is "very satisfied with [Counsel's] work." ECF No. 33 at PageID.1378. According to Plaintiff, Counsel was very thorough in preparing Plaintiff for all stages of this case and "explained things" well. *Id*. Plaintiff believes that litigating this case "involved considerable effort" and Counsel's "efforts have resulted in significant gain for [Plaintiff]." *Id*. Further, due to Counsel's representation, Plaintiff will be receiving monthly disability benefits of $1,200 and over $100,000 in additional past-due benefits. *Id*. Based upon Plaintiff's representation, the Court finds that there is no reason to reduce the fees requested based on the character of Counsel's representation.

### C. No Delays Attributable to Counsel

There is no evidence of Counsel causing any sort of delay where Counsel would have benefited from the accumulation of benefits during the pendency of this case. *See Gisbrecht*, 535 U.S. at 808. The Court thus does not find any reason to reduce the requested fees under this factor.

### D.     Hours Expended and Hourly Rate

The lodestar method is typically used to determine the reasonableness of fees being request.  However, under 406(b), "fee shift[ing] to the losing party . . . [is] not at issue[.]"  *Gisbrecht*, 535 U.S. at 802.  In *Gisbrecht*, the Supreme Court distinguished fees under § 406(b) versus the lodestar method.  *Gisbrecht*, 535 U.S. at 801.  "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery" and "does not authorize the prevailing party to recover fees from the losing party."  *Id.*  Thus, *Gisbrecht* provides that:

> [T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808 (citation omitted).  Counsel submitted timekeeping records for work performed in this case.  ECF No. 32-3 at PageID.1370.  Each timekeeping entry consists of a description of the work performed and the hours spent on each task.  *Id*.  Based upon the information provided, Counsel expended a total of 45 hours on this case.  *Id*. at 1372.  In reviewing the fees requested relative to the hours of work performed, the Court calculates Counsel's fee request to amount to an hourly rate of approximately $765.52 per hour ($34,448.50/45).

In Counsel's declaration, Counsel states that she "routinely charge[s] $450 an hour for . . . non-contingency work."  ECF No. 32-4 at PageID.1375.  Although

the hourly rate for Counsel's work in this case exceeds Counsel's usual rate, the Court finds that the hourly rate in this case falls within the normal range of hourly rates previously awarded for similar contingency cases. *See e.g.*, *Kava v. Kijakazi*, Civ. No. 20-00385 JAO-WRP, 2022 WL 15525001, at *3 (D. Haw. Oct. 12, 2022) (effective hourly rate of $737.92 for attorney's fees considered reasonable in the context of § 406(b)); *Tereise v. Kijakazi*, Civ. No. 20-00279 LEK-RT, 2024 WL 1976036, at *3 (D. Haw. Apr. 16, 2024), *report and recommendation adopted*, Civ. No. 20-00279 LEK-RT, 2024 WL 1972107 (D. Haw. May 3, 2024) (effective hourly rate of $715.88 for attorney fees considered reasonable in the context of § 406(b)). After considering Plaintiff's *Declaration*, the results obtained, the amount of hours expended and Counsel's hourly rate, the Court finds that there is no basis for any reduction in fees. The Court thus finds that Counsel's fee request is reasonable.

## CONCLUSION

Based upon the foregoing, the Court **FINDS** that attorney fees in the amount of $34,448.50 is reasonable in this case and **RECOMMENDS** that the district court **GRANT** the *Fee Motion*. The Court **RECOMMENDS** that the district court award Counsel $34,448.50 to be paid out of the sum previously withheld by the Commissioner.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 29, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00130 JAO-RT;  *Jenise Moiha vs. Martin O'Malley, Commissioner of Social Security*;  Findings and Recommendation to Grant Petition for 406(b) Fees